```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TONYA VANVALKENBURG,

                        Plaintiff,            09-CV-6060T

        v.                                    **ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Tonya VanValkenburg brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42. U.S.C § 405(g) seeking review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income benefits("SSI"). Defendant Michael J. Astrue, the Commissioner of Social Security, ("Commissioner") moves to reverse and remand the decision of the Administrative Law Judge ("ALJ") denying plaintiff's claim for benefits. Specifically, the defendant claims that the ALJ improperly relied on a vocational expert's testimony that was premised on an incomplete hypothetical question posed to the expert. According to the Commissioner, because the hypothetical question posed to the vocational expert did not take into account all of the plaintiff's limitations, the defendant seeks remand of this action pursuant to sentence four of 42 U.S.C. § 405(g), authorizing the court to remand the cause for further proceedings. For the reasons set forth below, I grant the defendant's motion.

## BACKGROUND

On April 4, 2006, Plaintiff filed an application for Social Security Disability Insurance Benefits. Tr. 36-41. Plaintiff claimed disability beginning December 31, 2003 based on several conditions including personality disorder, depression, anger issues, and back injuries. Plaintiff's application was denied initially, and she then filed a timely request for a hearing before an ALJ.

In a decision dated September 9, 2008, ALJ John P. Costello found that the plaintiff was not disabled within the meaning of the Act. Tr. 14-26. Plaintiff appealed the ALJ's decision to the Social Security Appeals Council ("Appeals Council"), and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 30, 2008. Tr. 5-8. The Plaintiff then sought judicial review of the Commissioner's decision by filing a civil action in this court on February 17, 2009.

## DISCUSSION

The fourth sentence of 42 U.S.C. § 405(g) authorizes a court to enter judgement affirming, modifying, or reversing the Commissioner's decision with or without remanding the cause for rehearing. A remand to the Commissioner is authorized when there are gaps in the administrative record and further development of

evidence is required, or when the ALJ has misapplied legal standards. Rosa v. Callahan, 168 F.3d 72, 82-83 (2d. Cir. 1999), quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) and Parker v. Harrs, 626 F.2d 225, 235 (2d Cir. 1980); see also Hankerson v. Harris, 636 F.2d 893, 896 (2d Cir. 1980). Section 405(g) permits reversal without remand only where the record shows persuasive proof of disability such that remand would serve no useful purpose. Parker, 626 F.2d at 235.

In the instant case, remand is appropriate to allow the ALJ to correct the record by re-calling the vocational expert and asking the expert hypothetical questions based on all limitations found by the ALJ. Although the ALJ found that the plaintiff was limited to carrying up to 10 pounds; sitting without interruption for only 1 hour; and standing and walking without interruption for up to 20 minutes, these limitations were not included in the hypothetical questions that were presented to the vocational expert by the ALJ. As a result, the vocational expert's testimony did not take into account all of the plaintiff's limitations. Therefore, the ALJ erred in relying on the expert's testimony that the plaintiff could perform work involving light exertion with certain restrictions, and that such work was available in the national economy. Because the ALJ erred in relying on the expert's testimony, which was not based on the full extent of plaintiff's limitations in determining

whether the plaintiff can perform work in the national economy, remand is necessary.

Remand, and not outright reversal and award of benefits is proper in this case. Unless the court finds that there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," a case must be remanded to the Commissioner for further proceedings. Rosa, 168 F.3d at 83. As in the instant case, where there are gaps in the administrative record or where an improper legal standard was applied, remand to the Commissioner for further development of the evidence is proper. Id. at 82-83. I therefore remand this action to the Commissioner to determine, based on all of the plaintiff's limitations, including those not considered by the vocational expert in providing his testimony, whether the plaintiff can perform work in the national economy.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion to remand that matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

ALL OF THE ABOVE IS SO ORDERED.

                         S/Michael A. Telesca
                         _____
                           MICHAEL A. TELESCA
                         United States District Judge

Dated:    Rochester, New York
            February 4, 2010